T.C. Memo. 1997-110


UNITED STATES TAX COURT


ESTATE OF JOSEPH G. MALTAMAN, DECEASED, PAUL J. CONSTANTINO,
SPECIAL ADMINISTRATOR, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 3845-95.                          Filed March 4, 1997.


<u>Donald Del Grande</u>, for petitioner.

<u>Debra K. Estrem</u>, for respondent.


MEMORANDUM FINDINGS OF FACT AND OPINION


WELLS, <u>Judge</u>:  Respondent determined a deficiency of
$103,932 in petitioner's Federal estate tax and an addition to
tax pursuant to section 6651(a)(1) of $25,983.  Unless otherwise
indicated, all section references are to the Internal Revenue

Code in effect on the date of the death of Joseph G. Maltaman (decedent), and all Rule references are to the Tax Court Rules of Practice and Procedure.  After concessions, the sole issue remaining for decision is whether petitioner is liable for the addition to tax for failure to file petitioner's estate tax return timely.

### FINDINGS OF FACT

Some of the facts have been stipulated for trial pursuant to Rule 91.  The parties' stipulations of fact are incorporated herein by reference and are found as facts in the instant case.

Decedent, a semiretired attorney, died intestate on May 28, 1990, in Daly City, California.  At the time the petition in the instant case was filed, the address of the special administrator of decedent's estate (decedent's estate or the estate), Paul J. Constantino, was Burlingame, California.

Decedent, who was 67 years of age at his death and had never married, was the father of a child, Joseph C. Maltaman Muscat, who was 3 or 4 years old at the time of decedent's death.  The child's mother, Josephine Muscat, retained Frank Blum, an attorney, to represent her in connection with the administration of decedent's estate.  Mr. Blum sought to have Ms. Muscat named special administrator of the estate, but, after hearings, on June 21, 1990, the Superior Court for the State of California in and for the County of San Mateo (superior court) appointed as special administrator Mr. Constantino, a practicing attorney who had no

prior relationship with decedent. Mr. Constantino had previously handled two or three estates with assets of at most $300,000 each.

Mr. Constantino, Mr. Blum, and another individual conducted a search for decedent's assets. They contacted financial institutions that might hold decedent's assets. The process of identifying decedent's assets was lengthy and difficult. Clues to the existence of assets had to be gleaned from decedent's records. Decedent maintained bank accounts and revocable trusts under a variety of names. Decedent also held funds in trust for his clients in certain of those accounts, and ownership of the funds had to be verified before they were released.

Many of decedent's assets were not subject to probate because they had passed to his child by contract at decedent's death. After the quantity of assets held in the name of decedent's child was determined, Mr. Blum instituted a guardianship proceeding for the benefit of decedent's child, and a conservator, Ms. Muscat, was appointed on September 24, 1990. Assets belonging to decedent's child were transferred by their custodians directly into the guardianship proceeding.

By late December 1990 or early January 1991, Mr. Constantino became aware that a Federal estate tax return (petitioner's estate tax return or the estate tax return) would be required with respect to decedent's estate. Mr. Constantino was also aware that he had an obligation to file that return but had no

experience in preparing Federal estate tax returns.  Mr. Blum asked Alfred Belotz, a public accountant since 1951, to prepare the income tax return required in connection with the guardianship proceeding, and Mr. Blum suggested to Mr. Constantino that Mr. Belotz also prepare petitioner's estate tax return.  Mr. Blum had known Mr. Belotz for 40 years and had previously retained him to perform work with respect to estates for which Mr. Blum was attorney.

On January 17, 1991, Messrs. Blum, Belotz, and Constantino met, and Mr. Constantino agreed at that time to engage Mr. Belotz to prepare the estate's Federal tax returns.  Mr. Constantino was made aware of the due date of petitioner's estate tax return, which was February 28, 1991 (initial due date), and that due date was discussed at the meeting.  Because of the difficulties associated with identifying decedent's assets, it was decided to seek an extension of the time for filing petitioner's estate tax return.  Messrs. Constantino and Blum provided Mr. Belotz with information concerning the assets includable in decedent's estate and the estate's deductible expenses, from which the estate's Federal estate tax liability could be estimated.

Mr. Belotz prepared a Form 4768, Application for Extension of Time to File U.S. Estate (and Generation-Skipping Transfer) Tax Return and/or Pay Estate (and Generation-Skipping Transfer) Tax(es), that requested an extension of the due date for filing the estate tax return to August 28, 1991, 6 months after the

initial due date, and estimated the estate's Federal estate tax liability as $50,184. Mr. Belotz transmitted the extension application form to Mr. Blum, who in turn sent it to Mr. Constantino. Mr. Constantino signed the form, which was dated February 6, 1991, and mailed it to the Internal Revenue Service (Service) on February 21, 1991, which received it on February 23, 1991. Because Mr. Constantino did not have sufficient probate assets to pay the estimated estate tax due, funds subject to the guardianship proceeding were used for that purpose.

On April 29, 1991, the Service approved the requested extension of the due date for filing the estate tax return, and Mr. Belotz informed Mr. Constantino that the due date, as extended, was August 28, 1991 (the extended due date).

The following inventories and appraisals of assets were filed with the superior court in connection with the guardianship proceeding on the dates shown:

| Inventory | Date | Appraisal |
|---|---|---|
| Partial No. 1 | Apr. 15, 1991 | $573,283.98 |
| Complete and Final | May 28, 1991 | 41,724.53 |
| Supplemental | June 17, 1991 | 96,630.99 |
| Supplemental # 2 | July 31, 1991 | 104,645.00 |
| Supplemental # 3 | Nov. 18, 1991 | 3,152.58 |
| Supplemental # 4 | Apr. 14, 1992 | 11,984.64 |

Mr. Blum provided Mr. Belotz with a copy of each of those inventories shortly after the respective inventory was filed with the superior court. Mr. Blum also provided such information to Mr. Constantino.

During July 1991, Mr. Belotz began preparing petitioner's estate tax return. By letter dated July 5, 1991, Mr. Belotz notified Mr. Constantino that Mr. Belotz required certain information in order to prepare various tax returns, such as details of funeral expenses, and attached a blank Form 706, United States Estate (and Generation-Skipping Transfer) Tax Return, with the items for which information was required circled in red. Mr. Constantino returned the estate tax return form with a letter dated July 24, 1991, which stated that he was working on the inventory. A handwritten notation on the copy of the July 5, 1991, letter in the record states as follows: "Mailed a blank copy of Form 706, circled items in red for Constantino to answer or submit data! He just signed the blank form, entered his S.S # and mailed it all back to my office".

During August 1991, Messrs. Constantino, Blum, and Belotz discussed applying for a second and further extension of the due date of the estate tax return because uncertainty still existed as to whether all of decedent's assets had been identified. When Messrs. Constantino and Blum asked Mr. Belotz about this, Mr. Belotz replied that, in all his experience, which included preparing over 50 Federal estate tax returns, he had never before had occasion to request a second extension of a due date. Nonetheless, Mr. Belotz thought that there was good cause for requesting a second extension given the problems with the estate. Mr. Belotz, however, found no form for applying for such an

extension.  Mr. Belotz was not aware that the Service's regulations provided that the maximum allowable extension of time for filing a Federal estate tax return was 6 months beyond the original due date of such a return.

Pursuant to the direction of Mr. Constantino, Mr. Belotz mailed to the Service a letter dated August 27, 1991, requesting a second and further extension (second extension request) of the due date for filing the estate tax return, citing "litigation and the time consuming efforts in uncovering all assets" as the grounds for the request.  Enclosed with the letter was a copy of the Form 4768 that had been filed to request the initial due date extension to August 28, 1991.  The letter and its enclosure were received by the Service on August 30, 1991.  The Service denied the second extension request on September 5, 1991, on the grounds that "the maximum extension allowed by law is 6-months."

By letter dated September 11, 1991, Mr. Belotz informed Mr. Constantino of the Service's action.  In that letter, Mr. Belotz stated:  "I would suggest that you submit the necessary information and material to my office as soon as possible so that we can start preparing the necessary forms to file on behalf of the estate."  Mr. Belotz also informed Mr. Blum that the second extension request had been denied.  Mr. Belotz was aware that an addition to tax could be imposed if the estate tax return was not filed timely.  At that time and when the return was filed, Mr. Belotz did not consider that the addition to tax for failure to

file timely would be imposed on the estate because it appeared to him that the estimated tax payment that had been made when extension of the initial due date was requested exceeded the amount of estate tax due from the estate. After the second extension request was denied, Mr. Constantino did not ask Mr. Belotz to file petitioner's estate tax return as quickly as possible, nor did Mr. Constantino do any research concerning the consequences of filing untimely.

At the time that the second extension request was denied, Mr. Belotz had sufficient information concerning assets includable in decedent's estate to prepare the estate tax return, but lacked information concerning its expenses, which he sought to obtain from Mr. Constantino. At that time, it did not occur to Mr. Belotz to file a return based on the information then available to him.

In a letter to Mr. Blum dated October 1, 1991, Mr. Belotz complained that Mr. Constantino "has been uncooperative in submitting the necessary information to prepare the federal and state tax forms that are overdue." In a letter to Mr. Constantino dated October 14, 1991, Mr. Belotz wrote that he had not received the necessary information from Mr. Constantino and insisted that Mr. Constantino contact him. Mr. Constantino provided information on expenses at the end of October 1991. During December 1991, Mr. Belotz requested further information from Messrs. Constantino and Blum for preparation of petitioner's

estate tax return that was provided during December 1991 and January 1992.

Mr. Belotz completed preparation of petitioner's estate tax return during January 1992. The return was filed on January 24, 1992, and reported an overpayment of estate tax in the amount of $2,867.


OPINION

The only issue remaining to be decided in the instant case is whether petitioner is liable for the addition to tax for failure to file the estate tax return timely. Section 6018(a) generally provides that an estate tax return shall be filed where the gross estate at death exceeds $600,000. Section 6075(a) provides that the return shall be filed within 9 months after the date of a decedent's death. In the instant case, decedent died on May 28, 1990, and the estate tax return therefore was due on or before February 28, 1991. Sec. 20.6075-1, Estate Tax Regs. Section 6081(a) permits the Secretary to grant a reasonable extension of time for the filing of a return but provides that, "Except in the case of taxpayers who are abroad, no such extension shall be for more than 6 months." The regulations issued with respect to section 6081(a) provide that the total allowable extension of time for filing an estate tax return is 6 months from the original due date of the return. Sec. 20.6081-1(a), Estate Tax Regs. The due date of petitioner's estate tax

return was extended for the maximum period permitted by the regulations, to August 28, 1991. Petitioner's estate tax return, however, was not filed until January 24, 1992, almost 5 months after the extended due date. Petitioner does not dispute that petitioner's estate tax return was not filed timely, nor does petitioner take issue with the denial of the second extension request.[1]

Section 6651(a)(1) provides that, in the case of failure to file a tax return on the date prescribed for filing (including any extension of time for filing), there shall be added to the tax required to be shown on the return an amount equal to 5 percent of that tax for each month or fraction thereof that the failure to file continues, not exceeding 25 percent in the aggregate. The addition to tax is mandatory unless it is shown that the failure to file timely is due to reasonable cause and not willful neglect. Sec. 6651(a)(1); Estate of Cavenaugh v. Commissioner, 100 T.C. 407, 426 (1993), affd. in part and revd. in part on other grounds 51 F.3d 597 (5th Cir. 1995); Constantino v. United States, 56 AFTR 2d 85-6551, at 85-6552, 85-2 USTC par. 13,629, at 90,429 (N.D. Cal. 1985).

Reasonable cause for delay is established where a taxpayer is unable to file timely despite the exercise of ordinary

---

[1] See Estate of La Meres v. Commissioner, 98 T.C. 294, 321 n.24 (1992) (citing Estate of Young v. Commissioner, T.C. Memo. 1983-686). Petitioner does not raise any issue concerning the validity of the regulation.

business care and prudence.  Autin v. Commissioner, 102 T.C. 760, 776 (1994); sec. 301.6651-1(c)(1), Proced. & Admin. Regs. "Willful neglect" has been defined as a "conscious, intentional failure or reckless indifference."  United States v. Boyle, 469 U.S. 241, 245 (1985).  Whether a failure to file timely is due to reasonable cause and not willful neglect is a question of fact. Id. at 249 n.8; Commissioner v. Walker, 326 F.2d 261, 264 (9th Cir. 1964), affg. on this issue 37 T.C. 962 (1962); Autin v. Commissioner, supra at 776.  Petitioner bears the burden of proof.  Rule 142(a).

Petitioner contends that the addition to tax should not be imposed because the failure to file timely petitioner's estate tax return was attributable to reasonable cause and not willful neglect.  Petitioner argues that reasonable cause for the failure to file timely is established in the instant case by:  (1) The uncertainty as of the extended due date whether all of decedent's assets had been discovered; (2) Mr. Belotz' erroneous advice to Mr. Constantino that it was possible to secure a second extension of the due date for filing the estate tax return; and (3) Mr. Belotz' failure to advise Mr. Constantino either that an addition to tax could be imposed for failure to file timely, or alternatively that a return could have been prepared based on the information available during August 1991.  Petitioner also implies that Mr. Belotz' preoccupation with preparing a complete and accurate return contributed to the failure to file timely.

Respondent, relying on <u>United States v. Boyle</u>, <u>supra</u>, contends that Mr. Constantino had a duty to ascertain the due date of the estate tax return and to file it timely, regardless of any reliance on Mr. Belotz. Respondent contends that none of the reasons advanced by petitioner for the failure to file timely establish that the delay was due to reasonable cause and not willful neglect. Respondent notes that the return was filed almost 5 months after the extended due date even though Mr. Constantino was aware that it was overdue.

Although petitioner has established that the difficulties experienced in identifying decedent's assets were unusual in the experience of Mr. Constantino and Mr. Belotz, the uncertainty that may have existed at the time of the extended due date concerning the identification of all of those assets does not constitute reasonable cause for the failure to file petitioner's estate tax return timely. At the time of the extended due date of the estate tax return on August 28, 1991, Mr. Belotz had sufficient information concerning assets includable in decedent's estate to permit filing of that return.[2] At trial, Mr. Belotz admitted that the return could have been filed based on the information that he possessed at the time the second extension request was denied.

---

[2] As further discussed below, the information that Mr. Belotz lacked related to the expenses of the estate, and Mr. Constantino was tardy in providing that information to Mr. Belotz.

Moreover, the regulations provide that, even if the information available is not sufficient to permit preparation of a complete estate tax return as of an extended due date for filing such a return, a return that is as complete as possible must be filed by that due date.  Sec. 20.6081-1(c), Estate Tax Regs; see also sec. 20.6018-2, Estate Tax Regs.  Additionally, the regulations permit the filing of supplemental information.  Sec. 20.6081-1(c), Estate Tax Regs.  Our cases are to the same effect.  See Estate of Cavenaugh v. Commissioner, supra at 426; Bank of the West v. Commissioner, 93 T.C. 462, 471 (1989); Estate of Vriniotis v. Commissioner, 79 T.C. 298, 311 (1982); Estate of Duttenhofer v. Commissioner, 49 T.C. 200, 206-207 (1967), affd. 410 F.2d 302 (6th cir. 1969).  The uncertainty upon which petitioner relies would not have prevented the filing of a reasonably accurate return within the time allowed.  Consequently, we reject petitioner's contention that the uncertainty surrounding the identification of decedent's assets constitutes reasonable cause for the failure to file petitioner's estate tax return timely.

We next consider petitioner's contention that reasonable cause for failure to file timely is shown by Mr. Constantino's purported reliance on Mr. Belotz' advice or lack of advice.  We note that reliance on erroneous advice may furnish reasonable cause for a failure to file timely in certain limited circumstances.  United States v. Boyle, supra at 250; Estate of

La Meres v. Commissioner, 98 T.C. 294, 314-320 (1992).
Generally, the taxpayer must show that all relevant information was supplied to a competent tax adviser and that good faith reliance on the adviser's incorrect advice resulted in the failure to file timely.  Zabolotny v. Commissioner, 97 T.C. 385, 401 (1991), affd. in part and revd. in part on other grounds 7 F.3d 774 (8th Cir. 1993).

Petitioner first contends that the failure to file timely was attributable to Mr. Belotz' erroneous advice to the effect that it was possible to obtain a second extension of the due date of the estate tax return.  We have held that reasonable reliance on erroneous advice as to the date on which a return must be filed constitutes reasonable cause for a failure to file timely.[3] Estate of La Meres v. Commissioner, supra at 320.  In Estate of La Meres, we held that reasonable reliance on erroneous advice that a second extension of the due date for filing an estate tax return could be obtained beyond a 6-month extension that had already been granted constituted reasonable cause for a failure to file timely.  Id. at 321-324.

Although the facts in Estate of La Meres bear some similarities to those of the instant case, they are

---

[3]    Although the Supreme Court noted in United States v. Boyle, 469 U.S. 241, 251 n.9 (1985), that there is disagreement among the lower Federal courts as to whether reliance on erroneous advice concerning the due date of a return constitutes reasonable cause for a failure to file timely, that Court expressly declined to address the issue.

distinguishable in at least one important respect; to wit, in Estate of La Meres, the Service did not timely communicate its denial of the request for a second extension of the due date of the return. Id. at 321-322. In the instant case, however, the Service notified Mr. Belotz that the second extension request had been denied, and he in turn notified Mr. Constantino of the Service's action during mid-September 1991. Even assuming arguendo that Mr. Constantino reasonably relied on Mr. Belotz' advice[4] that it was possible to obtain a second extension of the

_____

[4] We believe that it is questionable whether Mr. Constantino's reliance on Mr. Belotz' advice with respect to the availability of a second extension was reasonable. Even though Mr. Constantino was told by Mr. Belotz that he believed there were good grounds for requesting a second extension, Mr. Belotz informed Mr. Constantino that, in Mr. Belotz' experience, which included preparing over 50 Federal estate tax returns, he had never had occasion to request a second extension of a due date. Additionally, Mr. Belotz could not find a form for requesting such an extension. Despite such circumstances, which might raise a red flag as to whether a second extension was available, Mr. Belotz apparently did not make any inquiries to ascertain whether or not the Service would grant a second extension of the due date for filing petitioner's estate tax return, and he admitted that he was unaware that the regulations provided that the maximum allowable extension of time for filing an estate tax return was 6 months beyond its original due date. We infer from such circumstances that Mr. Belotz simply did not know whether or not a second extension could be obtained, and that Mr. Constantino, himself an attorney, should have been put on notice of Mr. Belotz' lack of knowledge and should have required further research of the issue, which would have revealed the lack of availability of a second extension of the due date of the estate tax return.

Where reliance on an adviser is not reasonable, such reliance does not afford reasonable cause for a failure to file timely. Boles Trucking, Inc. v. United States, 77 F.3d 236, 242 (8th Cir. 1996); Zabolotny v. Commissioner, 97 T.C. 385, 401-402 (1991), affd. in part and revd. in part on other grounds 7 F.3d

(continued...)

due date for filing the estate tax return, reliance on that advice certainly was neither reasonable nor in good faith after Mr. Constantino learned that the Service had denied the second extension request. Hopping v. United States, 69 AFTR 2d 92-1464, at 92-1474, 92-1 USTC par. 60,098, at 84,272 (S.D. Ind. 1992); see also United States v. Kroll, 547 F.2d 393, 396 (7th Cir. 1977); Estate of DiRezza v. Commissioner, 78 T.C. 19, 34-35 (1982) (reliance on adviser not reasonable where executor learns that return is past due). Accordingly, Mr. Belotz' advice could not furnish reasonable cause for the failure to file the estate tax return during the more than 4-month period subsequent to the time that Mr. Constantino learned that the second extension request had been denied and that the return was overdue.

Additionally, Messrs. Belotz and Constantino delayed submission of the second extension request until the end of the extended period allowed for filing the return. The letter requesting the second extension was dated August 27, 1991, 1 day before the extended due date, and was received by the Service on August 30, 1991. Even assuming that it was possible that the Service would grant the second extension request, it was almost

---

[4] (...continued)
774 (8th Cir. 1993); Irby v. Commissioner, 30 T.C. 1166, 1176 (1958), affd. per curiam 274 F.2d 208 (5th Cir. 1960); cf. Freytag v. Commissioner, 89 T.C. 849, 888-889 (1987), affd. 904 F.2d 1011 (5th Cir. 1990), affd. 501 U.S. 868 (1991) (reliance on adviser must be reasonable in order to show underpayment of tax is not attributable to negligence).

certain that petitioner's estate tax return would not be filed timely in the event the Service denied the request, and they apparently were willing to assume that risk.

Moreover, it appears to us, and respondent suggests on brief, that the Service would not have treated the estate tax return as late had it been filed within 10 days of September 5, 1991, the date the second extension request was denied. Rev. Rul. 64-214, 1964-2 C.B. 472; see Estate of La Meres v. Commissioner, supra at 305 n.6. At approximately that time, i.e., during mid-September 1991, Mr. Constantino learned that the second extension request had been denied. However, despite being aware that the second extension request had been denied and that the return was overdue, Mr. Constantino did not direct Mr. Belotz to file the return as quickly as possible, although Mr. Belotz had sufficient information to do so at that time. Moreover, it was Mr. Constantino himself who was tardy in providing Mr. Belotz with the information that was apparently needed to complete the preparation of the return. Mr. Constantino thus contributed in large measure to the additional delay in filing the return.

Petitioner's further arguments focus on Mr. Belotz' alleged failure to advise, rather than on his giving of erroneous advice. We note that generally there must be some advice on which a taxpayer has relied in order to establish reasonable cause, and the absence of advice affords the taxpayer nothing on which to rely. Eastern Inv. Corp. v. United States, 49 F.3d 651, 656

(10th Cir. 1995); <u>Denenberg v. United States</u>, 920 F.2d 301, 307

(5th Cir. 1991); <u>Estate of Newton v. Commissioner</u>, T.C. Memo.

1990-208; cf. <u>Coleman v. Commissioner</u>, T.C. Memo. 1990-511.

Petitioner claims that Mr. Belotz failed to advise Mr.

Constantino that an addition to tax could be imposed for failure

to file timely.[5]  We, however, are not persuaded that Mr.

Constantino, an attorney who presumably encountered deadlines in

the course of his practice and had to file tax returns in

connection with his personal affairs, had no inkling that some

sanction could be imposed for failure to comply with a filing

deadline.[6]  Mr. Belotz testified that he believed that anyone who

had dealt with the Service would know that an addition to tax

could be imposed for failure to "do things correctly and on

time".  Nonetheless, Mr. Constantino was aware that filing an

estate tax return was required and of the date by which that

return had to be filed.  Even if no addition to tax were provided

for failure to file timely, Mr. Constantino was required to file

the return by its due date.  That he may not have been fully

_____

[5]     Petitioner admits that Mr. Constantino never asked Mr.
Belotz about the addition to tax for failure to file timely after
the second extension request was denied.

[6]     Even if Mr. Constantino were not aware that an addition to
tax could be imposed for failing to file timely, ignorance of the
law would not excuse such a failure.  <u>Mayflower Inv. Co. v.
Commissioner</u>, 24 T.C. 729, 733 (1955), affd. 239 F.2d 624 (5th
Cir. 1956).

advised of the consequences of not complying with his obligation does not excuse his failure to do so.

Petitioner's contention that Mr. Belotz did not advise Mr. Constantino that a return could have been filed based on information available during August 1991 also does not establish that there was reasonable cause for the failure to file timely. Mr. Constantino was well aware of the due date of the return and of his responsibility to file it. If Mr. Constantino had erroneously believed that a return must be complete before it may be filed, that belief alone would not constitute reasonable cause for failing to file timely. Niedringhaus v. Commissioner, 99 T.C. 202, 221 (1992). Mr. Belotz' failure to correct that belief also does not establish reasonable cause. As noted above, a showing of reasonable cause based on reliance on an adviser must be premised upon the giving of substantive advice to the taxpayer, and a taxpayer who has not been given advice has nothing upon which to reasonably rely. Eastern Inv. Corp. v. United States, supra at 656; Denenberg v. United States, supra at 307.

At the base of petitioner's arguments with respect to Mr. Belotz' failure to give advice is the contention that Mr. Belotz did not work hard enough to get Mr. Constantino to file petitioner's estate tax return timely. Because the timely filing of the return was a matter for which Mr. Constantino was responsible with or without Mr. Belotz' prodding, we find that

contention less than persuasive to establish reasonable cause for Mr. Constantino's failure to discharge that duty.

Similarly, petitioner's suggestion that the late filing was attributable to Mr. Belotz' concern that a return must be complete is without merit. An agent's unwillingness to file a return timely does not furnish reasonable cause for that failure. Estate of Archer v. Commissioner, T.C. Memo. 1984-57; see Denenberg v. United States, supra at 306-307. Moreover, the record indicates that, in large measure, Mr. Constantino left matters concerning petitioner's estate tax return to Mr. Belotz. The duty to file a return is nondelegable, and, if that responsibility is shifted to an agent, the taxpayer must accept the consequences of shortcomings in the performance of that duty by the agent. United States v. Boyle, 469 U.S. at 249-250; Conklin Bros., Inc. v. United States, 986 F.2d 315, 317-318 (9th Cir. 1993); Ferrando v. United States, 245 F.2d 582, 589 (9th Cir. 1957). Mr. Belotz indicated in his testimony that he did not believe that the addition to tax for failure to file timely would be imposed on the estate because the amount of its payment of estimated estate tax was larger than the estate tax liability that was ultimately reported in its return.[7] Mr. Belotz' belief,

---

[7] If the amount of petitioner's estate tax had not exceeded the payment that had been made when the initial extension of the due date was requested, no additional liability on account of the failure to file timely would have arisen because sec. 6651(b)(1) provides that, for purposes of calculating the addition, the

(continued...)

however, has proven to be in error, as petitioner concedes that an additional amount of estate tax is due. Even if that belief prompted Mr. Belotz to delay preparation of the estate tax return until the compilation of necessary information was complete, petitioner must bear the consequences of that mistaken belief. Jackson v. Commissioner, 86 T.C. 492, 538-539 (1986), affd. 864 F.2d 1521 (10th Cir. 1989).

Moreover, it appears that the responsibility for the delay in Mr. Belotz' receipt of the information he considered necessary for the preparation of the return lies considerably with Mr. Constantino. The record indicates that beginning at least during July 1991, Mr. Belotz sought information concerning, inter alia, expenses of the estate that Mr. Constantino was slow to provide and that Mr. Constantino's tardiness in responding continued even after the return became overdue. Mr. Constantino provided such information at the end of October 1991 and as late as January 1992, the month that the return was filed. Mr. Constantino provided the information as to expenses only after repeated prodding by Mr. Belotz. Indeed, Mr. Belotz appears to have been more concerned with filing the return as quickly as possible once it became overdue than Mr. Constantino appears to have been.

---

[7] (...continued)
amount of tax required to be shown on the return is to be reduced by amounts paid on or before the date prescribed for payment of the tax.

Based on the record as a whole, we conclude that petitioner has failed to establish that the failure to file timely was due to reasonable cause.[8]

To reflect the foregoing, concessions, and the claim of additional expenses,

Decision will be entered

under Rule 155.

---

[8] We note that Mr. Constantino was an attorney who was appointed by the superior court to administer the estate. While one court has indicated that a professional executor should be held to a stricter standard than a layperson for purposes of sec. 6651(a), Estate of Cox v. United States, 637 F. Supp. 1112, 1115 (S.D. Fla. 1986), we need not apply such a standard to reach our result herein. Even using the standards applicable to laypersons, we find that petitioner has failed to demonstrate that the failure to file timely was due to reasonable cause.