**ALTON OB–GYN, LTD., an Illinois Professional Corporation, Plaintiff-Appellant,**

**v.**

**UNITED STATES of America, Defendant-Appellee.**

**No. 85–2239.**

United States Court of Appeals, Seventh Circuit.

Argued Feb. 25, 1986.

Decided April 23, 1986.

John Dale Stobbs, Stobbs & Sinclair, Ltd., Alton, Ill., for plaintiff-appellant.

Gary Gray, Asst. Atty. Gen., Tax Div., Dept. of Justice, Washington, D.C., for defendant-appellee.

Before BAUER and POSNER, Circuit Judges, and MOODY, District Judge.*

BAUER, Circuit Judge.

Alton OB-Gyn, Ltd., ("taxpayer") brought suit seeking a refund of a penalty paid under 26 U.S.C. § 6058(a) of the Internal Revenue Code of 1954 for failure to timely file the required Form 5500–C Annual Return/Report of Employee Benefit

* The Honorable James T. Moody, District Judge of the United States District for the Northern District of Indiana, is sitting by designation.

Plan with the Internal Revenue Service. The district court directed a verdict for the IRS on the grounds that, as a matter of law, relying on an agent to file tax returns is not reasonable cause for failure to file the returns on time. We affirm.

### I.

In 1972, taxpayer established pension and profit-sharing plans which qualified as employee benefit plans under 26 U.S.C. § 401(a) of the Internal Revenue Code of 1954. The First National Bank and Trust Company of Alton was designated as the plans' trustee. For the year ending September 30, 1977, taxpayer failed to timely file the required Form 5500–C Annual Return. The Commissioner assessed a penalty of $5,000 for late filing which forms the basis of this suit. Taxpayer paid the penalty and interest and filed suit for refund in the district court. Taxpayer argued that it relied on the bank to file the returns on time and that this constituted reasonable cause to excuse it from the penalty. The district court directed a verdict for the government. This appeal followed.

### II.

 Reliance on an agent to file tax returns does not constitute reasonable cause for a failure to file timely returns. The Supreme Court held in *United States v. Boyle*, 469 U.S. 241, 105 S.Ct. 687, 83 L.Ed.2d 622 (1985), that the obligation to file tax returns is a nondelegable duty.

 On appeal, taxpayer argues that its reliance on the bank to file the returns was reasonable because it hired the bank to administer the plans, and the bank had in previous years filed the returns. A review of the facts in *Boyle* forecloses this contention. Boyle, as executor of his mother's will, retained an attorney to handle the estate. He provided the attorney with all the relevant information and records for filing a federal estate tax return. The return was filed three months late, apparently due to a clerical error. In upholding the penalty assessed against Boyle, the Court noted:

> Congress has placed the burden of prompt filing on the executor, not on some agent or employee of the executor. The duty is fixed and clear; Congress intended to place upon the taxpayer an obligation to ascertain the statutory deadline and then to meet that deadline, except in a very narrow range of situations. Engaging an attorney to assist in the probate proceedings is plainly an exercise of the "ordinary business care and prudence" prescribed by the regulations [citation omitted] but that does not provide an answer to the question we face here. To say that it was "reasonable" for the executor to assume that the attorney would comply with the statute may resolve the matter as between them, but not with respect to the executor's obligations under the statute. Congress has charged the executor with an unambiguous, precisely defined duty to file the return within nine months; extensions are granted fairly routinely. That the attorney, as the executor's agent, was expected to attend to the matter does not relieve the principal of his duty to comply with the statute.

*Boyle, supra* at 692.

In light of the Court's holding in *Boyle*, we reject taxpayer's argument that reliance on the bank to handle the ministerial duties of the plans excused it from paying the penalty for missing the deadline. Section 6058(a) places the burden on the taxpayer or the plan administrator to file the returns. Alton OB-Gyn, Ltd. was both.

Taxpayer argues that *Boyle* does not control because Form 5500–C is an informational return, and that no tax was due. However, the concurring opinion in *Boyle* notes that the Court's holding "will apply with full force to the personal income tax returns required of every individual who receives an annual gross income of $1,000". *Boyle, supra* at 695. Thus, every individual is required to file a return without regard to whether any tax is due.

Courts have frequently held that "reasonable cause" is established when a taxpayer shows that he reasonably relied on the advice of an accountant or attorney that it was unnecessary to file a return,

even when such advice turned out to be mistaken. *United States v. Kroll,* 547 F.2d 393 (1977). By contrast, this case is not one in which a taxpayer has relied on erroneous advice. It requires no special training or effort to ascertain a deadline and make sure that it is met.

### III.

Alton OB-Gyn, Ltd. was not improperly denied a jury trial. Taxpayer argues that what constitutes reasonable cause is a jury question. However, *Boyle* held as a matter of law that reliance on an agent to file a return is not the reasonable cause necessary to preclude the penalty. Since there were no factual questions for a jury to resolve, the entry of a directed verdict in favor of the defendant was proper. For the foregoing reasons, the judgment of the district court is

AFFIRMED.