ESTATE OF Robert COX, et al., Plaintiffs,

v.

UNITED STATES of America, Defendant.

No. 84–8344–Civ.

United States District Court, S.D. Florida, Miami Division.

June 27, 1986.

Meisel & Fisher, P.A., West Palm Beach, Fla., for plaintiffs.

Steven Kwartin, U.S. Dept. of Justice, Washington, D.C., for defendant.

## MEMORANDUM DECISION

SCOTT, District Judge.

This case presents a taxpayer caught in the wake of a bright line. Regardless of the debatability of the issue at the commencement of this case, *United States v. Boyle*[1] 469 U.S. 241, 105 S.Ct. 687, 83 L.E.2d 622 (1985) lays to rest the taxpayer's contentions and with it his claim for refund. The facts are simple and not in dispute.

## HISTORY OF THE CASE

The Plaintiff is the estate of Robert E. Cox, Atlantic National Bank, personal representative. The decedent, Robert Cox, died on March 9, 1978. Pursuant to the provision of 26 U.S.C. § 6075(a), a United States Estate Tax Return, Form 706, was due to be filed within nine months of the date of the decedent's death, which was December 9, 1978.

On December 8, 1978, pursuant to Form 4768, Application for Extension of Time to File U.S. Estate Tax Return and/or Pay Estate Tax, Plaintiff requested an exten-

---

1. The Court in *Boyle* resolved the previous split in the circuits and established a new "bright line" test for the timely preparation and filing of federal income tax returns. Previously, the majority of the circuits had followed the strict liability approach of holding executors and personal representatives personally responsible for ascertaining that required federal tax returns were timely filed. *See, Millette & Associates v. Commissioner*, 594 F.2d 121, 124–125 (5th Cir. 1979), *cert. denied*, 444 U.S. 899, 100 S.Ct. 207, 62 L.Ed.2d 135 (1979); and, *Logan Lumber Co. v. Commissioner*, 365 F.2d 846, 854 (5th Cir. 1966).

sion through June 6, 1979. The extension was approved by an official of the Internal Revenue Service on December 27, 1978.

On June 8th, a second Form 4768 was submitted to the Internal Revenue Service requesting a further extension of time to October 9, 1979. The application was received by the Internal Revenue Service on September 13, 1979, and was disapproved on September 26, 1979.

Finally, six months after it was due, the Estate Tax Return was filed on November 20, 1979. The Internal Revenue Service assessed a delinquency penalty against Plaintiff in the amount of $17,129.00, which the taxpayer paid on November 15, 1982. On April 18th, 1983, Plaintiff filed a Claim for Refund with the Internal Revenue Service for the amount of the penalty.

The issue presented in this case is the Plaintiff's liability for the delinquency penalty assessed pursuant to 26 U.S.C. § 6651(a)(2).[2] Plaintiff asserts that it can demonstrate "reasonable cause" for the late filing of the return within the meaning of 26 U.S.C. § 6651(a)(1). It is the position of the United States that the taxpayer has failed to demonstrate reasonable cause.

The parties have filed cross motions for summary judgment agreeing that there are no material issues of fact and this case is ripe for summary judgment. Fed.R.Civ.P. 56. There is no dispute that the estate tax return was not timely filed pursuant to the requirements of Section 6075(a).

## LEGAL DISCUSSION

■ The controlling law in this area is the recent pronouncement by a unanimous Supreme Court in *United States v. Boyle,* 469 U.S. 241, 105 S.Ct. 687, 83 L.Ed.2d 622 (1985). The issue in *Boyle* was "... whether, under the statute, reliance on an attorney in the instant circumstance is a 'rea-

sonable cause' for failure to meet the deadline." 105 S.Ct. 692–693. The Supreme Court determined, in what can only be described as a strong policy statement, that reliance upon a third person to timely file required returns would not be considered reasonable cause. The Court articulated, "[t]he time has come for a rule with as 'bright' a line as can be drawn consistent with the statute and implementing regulations." *Id.* at 692. In adopting this bright line test, the Court reasoned:

Congress has placed the burden of prompt filing on the executor, not on some agent or employee of the executor. The duty is fixed and clear; Congress intended to place upon the taxpayer an obligation to ascertain the statutory deadline and then meet that deadline, ... To say that it was "reasonable" for the executor to assume that the attorney would comply with the statute may resolve the matter as between them, but not with respect to the executor's obligations under the statute. That the attorney, as the executor's agent, was expected to attend to the matter does not relieve the principal of his duty to comply with the statute. *Id.* at 692–693.

It was the clear intent of the Court to adopt a strict filing standard which would foster prompt payment of taxes, eliminate an administrative nightmare and end the debate over reasonable cause in the so-called "reliance-type cases."[3] With *Boyle* as our polestar, we will now turn to a discussion of this case.

Plaintiff argues that the bright line is opague or, at least, sufficiently hazy to leave room for argument. The taxpayer contends that "[t]his cause is clearly distinguishable from *Boyle, supra,* and within the 'erroneous advice' exceptions set forth therein." (Plaintiff's Motion for Summary Judgment, p. 4). While not a picture of

---

**2.** The term "reasonable cause" is defined in Treasury Regulation Section 301.6651–1(c)(1) as follows, "If the taxpayer exercised ordinary business care and prudence and was nevertheless unable to file the return within the prescribed time, then the delay is due to a reasonable cause."

**3.** "Prompt payment of taxes is imperative to the Government, which should not have to assume the burden of unnecessary ad hoc determinations." *Boyle, supra* at 630.

clarity, Plaintiff's contentions appear to be two-fold: (a) the personal representative, the bank officer assigned the case with Atlantic National Bank, frequently monitored the filing requirements by telephone calls and meetings with the certified public accountant and assurances were given that extensions were in place through October 9, 1979; and (b) the bank officer believed that the Estate would owe no estate taxes because of a charitable remainder bequest.

■ A dissection of these arguments reveals that each lacks merit. As to the first contention, *Boyle* makes clear that "[t]he failure to make a timely filing of a tax return is not excused by the taxpayer's reliance on an agent, and such reliance is not 'reasonable cause' for a late filing under 6651(a)(1)." *United States v. Boyle,* 105 S.Ct. 692–693.

The facts in *Boyle* are stronger from the taxpayer's viewpoint than the present case.[4] In *Boyle,* the executor was a businessman who had no experience in estate taxation other than having been the executor of his father's will twenty-five years earlier. In the present case, the executor was a professional executor employed by a commercial bank hired for the express purpose of attending to the estate. A professional executor should be held to a stricter standard than a mere layman, albeit a businessman.

■ Here, the true essence of Plaintiff's position is that it relied on a certified public accountant to obtain the extension and the agent failed to perform his responsibilities. That position is indistinguishable from *Boyle.* In addition, even if the Plaintiff

believed that the filing was extended until October 9, 1979, this contention fails to address the additional delay until November 20, 1979.

■ Proceeding to the second contention, the Plaintiff amorphously asserts that it was under the mistaken belief that no estate taxes were due because of a charitable remainder bequest. While it is true that erroneous advise on a question of law can establish reasonable cause, that exception clearly has no application to the present case.

The issue is not whether the executor believed a tax was owed, but whether the executor knew that a return should be filed. 105 S.Ct. at 693. Whether or not any tax was due does not relieve the taxpayer from the requirement of the timely filing of a return. *Estate of Buring v. Commissioner,* 51 T.C.M. (CCH) 113 (1985).

Pursuant to 26 U.S.C. § 6018, effective 1978, an estate tax return was required to be filed if the gross estate exceeds $134,-000. In the present case, the gross estate was $428,452, and the bank, as a professional executor, was well aware of the filing requirement.[5]

## CONCLUSION

In light of the bright line of *Boyle,* Plaintiff's arguments must be rejected. Plaintiff has failed to meet its burden to demonstrate reasonable cause. *Welch v. Helvering,* 290 U.S. 111, 54 S.Ct. 8, 78 L.Ed. 212 (1939). Reliance upon an accountant does not excuse the professional executor.[6] The

---

4. *Boyle* leaves room for two arguments based on reasonable cause: (1) an erroneous opinion of law on a substantive law issue, such as whether a tax liability exists; and (2) incompetency or infirmity or other incapacitation which would prevent the executor from performing reasonable business functions. *United States v. Boyle, supra,* (Brennan, J., concurring for four members of the Court) ("The outcome could be different if a taxpayer were able to demonstrate that, for reasons of incompetence or infirmity, he understandably was unable to meet the standard of ordinarey business care and prudence."). The view of these four justices was

adopted in *Brown v. United States,* 630 F.Supp. 57 (M.D.Tenn.1985).

5. It would be the height of inconsistency for the Plaintiff to contend, on the one hand, that the executor aggressively pursued the certified public accountant to file the return and, on the other hand, seriously argue that it was unaware of the filing requirement. The latter contention is particularly fallacious when one recalls that the executor is a professional banking officer.

6. This determination is consistent with Tax Court decisions subsequent to *Boyle. Estate of*

**1116**

responsibility to timely file a tax return is non-delegable. *Alton OB–Gyn. Ltd. v. United States*, 789 F.2d 515 (7th Cir.1986). Moreover, an erroneous belief as to whether a tax is owed does not relieve the taxpayer from filing the return.

Accordingly, it is ORDERED and ADJUDGED as follows:

1. Plaintiff's Motion for Summary Judgment is *denied*.

2. Defendant's Motion for Summary Judgment is *granted*. This cause is dismissed with prejudice. Final Judgment is entered for the United States.

3. The Court retains jurisdiction to consider any appropriate motions for costs.

*Brandon v. Commissioner*, 86 T.C. 21 (1986); and, *Freeland v. Commissioner*, 51 T.C.M. (CCH) 253 (Petitioner's reliance upon their accountant of thirty five years was insufficient to constitute reasonable cause.)