T.C. Memo. 2012-94

UNITED STATES TAX COURT

CHILD ADULT INTERVENTION SERVICES, INC., Petitioner <u>v.</u>
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 14518-10L.                    Filed March 28, 2012.

Richard B. King (an officer), for petitioner.

<u>Michael W. Lloyd</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

THORNTON, <u>Judge</u>:  Pursuant to section 6330(d), petitioner appeals
respondent's determination to proceed by levy to collect late-filing penalties
pursuant to section 6652(c)(1)(A) for tax years 2005 and 2007.[1]

---

[1]Unless otherwise indicated, all section references are to the Internal Revenue
Code in effect at all relevant times, and all Rule references are to the Tax

(continued...)

## FINDINGS OF FACT

The parties have stipulated some facts, which we incorporate by this reference. When the petition was filed, petitioner was a corporation created under the laws of and operated in Oregon.

Petitioner is a tax-exempt entity under section 501(c). It is required to file a Form 990, Return of Organization Exempt From Income Tax, or Form 990-EZ, Short Form Return of Organization Exempt From Income Tax, on the 15th day of the 5th month following the end of its calendar year. See sec. 6033(a)(1).

Richard King (Dr. King) founded petitioner and is its president. He is a forensic psychologist with a bachelor's and a master's degree from Western Oregon University and a doctorate from Northern Arizona University. He provides counseling services for petitioner in addition to being its president. For the years 1996 through 2008 the compensation that he received from petitioner ranged from about 35% to about 66% of petitioner's total revenues.[2]

---

[1](...continued)
Court Rules of Practice and Procedure. All monetary amounts are rounded to the nearest dollar.

[2]More particularly, focusing on the years at issue, for 2005 Dr. King's $167,338 of compensation represented about 44% of petitioner's $382,262 total revenues, and for 2007 his $138,700 of compensation represented about 61% of petitioner's $228,541 total revenues.

Dr. King is married to Laura King (Mrs. King). She has a high school degree and has achieved success in business. Until 2001 she worked for Weyerhaeuser Co., managing its accounts payable division, which involved accounts payable of over $1 million a week. Since at least 2001 she has performed administrative services for petitioner, including preparing Forms 990. She is not an officer of petitioner but serves as Dr. King's assistant. Since being injured in a 1993 car accident, Mrs. King has suffered a variety of medical problems, including fibromyalgia, which causes her lack of concentration, fatigue, and forgetfulness.

For each year from 1996 through 2008 petitioner failed to file its Form 990 on time. Dr. King knew that petitioner's returns, going back to at least 1999, were not timely filed and that it was his responsibility to ensure that they were. For every year from 1996 through 2008, except 1999, respondent assessed late-filing penalties against petitioner but, for reasons unexplained in the record, abated those penalties for each year except 2005 and 2007.

More particularly, on September 5, 2008, petitioner filed untimely Forms 990 for tax years 2005 and 2007. Respondent assessed late-filing penalties of $10,000 for 2005 and $2,260 for 2007. On July 13, 2009, respondent issued petitioner a Letter 1058, Final Notice of Intent to Levy and Notice of Your Right

to a Hearing, for these unpaid liabilities for 2005 and 2007. By letter dated July 24, 2009, Dr. King requested that respondent abate these penalties because the "volunteer" who provided petitioner's administrative services had been very ill and had overlooked filing the Forms 990. On August 10, 2009, petitioner mailed respondent a Form 12153, Request for a Collection Due Process or Equivalent Hearing, requesting a collection alternative and abatement of the penalties.

On March 25, 2010, respondent's settlement officer (SO) sent petitioner a letter scheduling a telephone conference for April 15, 2010, and requesting that petitioner submit a collection information statement, including financial information, if a collection alternative was sought. On April 15, 2010, the SO called Dr. King but was unable to reach him. That same day, the SO sent petitioner another letter, extending the date for submitting information to April 29, 2010. On April 22, 2010, Dr. King and the SO held a telephone conference. Dr. King stated that he did not recall requesting a collection due process hearing and that he had received a letter from the Internal Revenue Service indicating that petitioner had no outstanding liabilities. The SO requested that Dr. King provide a copy of this correspondence and any other relevant information by April 29, 2010. On April 26, 2010, petitioner sent the SO a letter stating that late-filing penalties had been abated for tax years other than those at issue. The letter requested assistance in locating documents

showing that the penalties had been abated for tax years 2005 and 2007. Petitioner did not submit an offer-in-compromise or a collection information statement to the SO.

On May 25, 2010, respondent issued petitioner a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 (notice), sustaining the proposed levy. The notice stated the SO had verified that all legal and procedural requirements had been met for the assessment of the 2005 and 2007 late-filing penalties. The notice indicated that petitioner had not established reasonable cause for the late filings because its responsibility for meeting its tax obligations could not be delegated to a volunteer. The notice also stated that petitioner had offered no collection alternative. Finally, the notice concluded that the proposed levy balanced the efficient collection of taxes with the taxpayer's legitimate concern that any collection action be no more intrusive than necessary.

## OPINION

This Court has jurisdiction over this matter pursuant to section 6330(d)(1).[3]

---

[3]Effective for determinations made after October 16, 2006, this Court has jurisdiction to review an appeal from a determination by an Appeals officer under sec. 6330 without regard to the type of underlying tax involved. See Callahan v. Commissioner, 130 T.C. 44, 48 & n.4 (2008).

Respondent does not dispute that petitioner is entitled to challenge its underlying liability in this collection proceeding. <u>See</u> sec. 6330(c). We review petitioner's underlying liability de novo. <u>See</u> <u>Lunsford v. Commissioner</u>, 117 T.C. 183, 185 (2001); <u>Goza v. Commissioner</u>, 114 T.C. 176, 181-182 (2000); <u>Lindberg v. Commissioner</u>, T.C. Memo. 2010-67 (underlying liability subject to challenge can be a penalty). Other issues we review for abuse of discretion. <u>See</u> <u>Sego v. Commissioner</u>, 114 T.C. 604, 609-610 (2000).

With exceptions not relevant here, every organization that is exempt from taxation under section 501(a) must file "an annual return, stating specifically the items of gross income, receipts and disbursements, and such other information * * * as the Secretary may by forms or regulations prescribe". Sec. 6033(a)(1). Section 6652(c)(1) imposes a penalty on any organization that fails to comply with this filing requirement or fails to include complete or correct information on the return. For organizations with gross receipts not exceeding $1 million, the penalty is $20 for each day late with a maximum penalty of the lesser of $10,000 or 5% of the organization's gross receipts for the year. Sec. 6652(c)(1)(A)(ii). The penalty does not apply if it is shown that the failure giving rise to the penalty is due to reasonable cause. Sec. 6652(c)(4).

Petitioner does not dispute respondent's computation of the penalty. Rather, petitioner argues that the reasonable cause exception applies because of Mrs. King's illness and because imposing the penalties will cause financial challenges for it. To avoid the penalty petitioner must establish that its failure to file the information return within the prescribed time was due to reasonable cause and not willful neglect. See sec. 301.6652-1(f), Proced. & Admin. Regs.; see also Rule 142(a); Hoefle v. Commissioner, 114 F.2d 713, 715 (6th Cir. 1940). Willful neglect is "a conscious, intentional failure or reckless indifference." United States v. Boyle, 469 U.S. 241, 245 (1985).[4] Whether the elements that constitute reasonable cause exist in a given case is a question of fact. Id. at 249 n.8. Reasonable cause is generally found when a taxpayer exercises ordinary business care and prudence but nevertheless is unable to file within the prescribed time. Id. at 246; sec. 301.6651-1(c)(1), Proced. & Admin. Regs.

Reliance on an agent does not constitute reasonable cause for failure to timely file. See Boyle, 469 U.S. at 252; Alton OB-Gyn, Ltd. v. United States, 789 F.2d 515, 516 (7th Cir. 1986).

---

[4]Although United States v. Boyle, 469 U.S. 241 (1985), involved the delinquent filing of an estate tax return, its principles apply to the instant case. See Alton OB-Gyn, Ltd. v. United States, 789 F.2d 515 (7th Cir. 1986).

Petitioner has not established that its failure to timely file in 2005 and 2007 was due to reasonable cause and not willful neglect. For many years before and at least one year after those at issue, petitioner failed to file timely returns as required. Both Dr. and Mrs. King testified that it was petitioner's practice to file the required returns only after being notified that they were late. We believe petitioner's failure to take corrective action after so many years of late filing constitutes reckless indifference and thus willful neglect.

Petitioner's argument that Mrs. King's illness constitutes reasonable cause for its failure to timely file its returns is unpersuasive. Mrs. King testified that she has had medical problems since 1993 but that she was able to drive, travel, and otherwise perform daily tasks during the years at issue. More fundamentally, Mrs. King was not an officer of petitioner. As he was petitioner's president, it was Dr. King's responsibility, not Mrs. King's, to file the required forms. Dr. King is a very sophisticated and intelligent professional who suffered from no incapacity during the years at issue. He knew that he was responsible for filing the forms and that petitioner consistently filed them late. His expectation that Mrs. King would file the required returns does not relieve petitioner of its duty to comply with the statute. See Boyle, 469 U.S. at 250.

Petitioner contends that it will suffer financial problems from the imposition of the penalties. Petitioner failed, however, to provide requested information to the SO as might have been relevant in evaluating its financial condition or in considering any collection alternative. See Schwersensky v. Commissioner, T.C. Memo. 2006-178. Indeed, petitioner never proposed any collection alternative. The SO did not abuse her discretion in failing to consider collection alternatives that petitioner never proposed. See Cox v. Commissioner, 126 T.C. 237, 260 (2006), rev'd on other grounds, 514 F.3d 1119 (10th Cir. 2008); Vines v. Commissioner, T.C. Memo. 2009-267, aff'd, 418 Fed. Appx. 900 (11th Cir. 2011); Johnson v. Commissioner, T.C. Memo. 2004-73.

Petitioner has made no valid challenge to the appropriateness of the proposed levy. In any event, from our review of the record we are satisfied that respondent has met the requirements of section 6330. Consequently, we shall sustain respondent's determination to proceed with the proposed levy.

To reflect the foregoing,

Decision will be entered for respondent.